This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41316**

**DANIEL and TEREZINHA MCGLYNN,**

      Protestants-Appellants,

v.

**NEW MEXICO TAXATION & REVENUE
DEPARTMENT,**

      Respondent-Appellee,

**IN THE MATTER OF THE PROTEST TO
THE RETURN ADJUSTMENT NOTICE
ISSUED UNDER LETTER NO. L0546105008**

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE
Dee Dee Hoxie, Hearing Officer**

Sommer Udall Law Firm, P.A.
Bradley M. Odegard
Santa Fe, NM

for Appellants

Raúl Torrez, Attorney General
Timothy J. Williams, Special Assistant Attorney General
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** In this appeal, Taxpayers Daniel and Terezinha McGlynn challenge the New Mexico Taxation and Revenue Department's (the Department) denial of their claim for a credit. We affirm.

## DISCUSSION

**{2}** Taxpayers claimed a credit on their New Mexico tax returns for taxes they paid to the State of California on rental income generated from property located in California. The Department denied the credit, and Taxpayers protested. The Administrative Hearing Officer (AHO) denied Taxpayers' protest, finding that Taxpayers were not entitled to a credit against their New Mexico taxes for taxes paid to California in this case.

**{3}** Taxpayers raise two arguments on appeal. First, they argue that the AHO "erred as a matter of law in applying the dormant commerce clause," which "generally restricts double taxation of income between the states." Second, they argue that the AHO erred in applying the burden of proof standard required by *Gemini Las Colinas, LLC v. New Mexico Taxation & Revenue Department*, 2023-NMCA-039, ¶¶ 26-30, 531 P.3d 622. "In reviewing the AHO's decision, we apply a whole-record standard of review." *Id.* ¶ 11 (internal quotation marks and citation omitted). "We will only set aside the decision if it is (1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." *Id.* (internal quotation marks and citations omitted).

## I.    Dormant Commerce Clause

**{4}** Taxpayers first argue that they paid tax in both New Mexico and California, and are therefore entitled to equitable relief in accordance with NMSA 1978, Section 7-4-21 (1965). Taxpayers point out that New Mexico's statutory scheme regarding the allocation of income, NMSA 1978, § 7-2-11 (2016), and credit for taxes paid to another state, NMSA 1978, § 7-2-13 (2013, amended 2023), is "designed to minimize any double taxation between the states" and therefore to comply with the dormant commerce clause. We understand Taxpayers to argue that the AHO misapplied these statutes under the present set of undisputed facts. As we explain, however, Taxpayers have not demonstrated that AHO erred in determining that the statutes on which they rely do not permit a credit in New Mexico.

**{5}** In the proceedings before the AHO, neither Taxpayers nor the Department presented testimony or exhibits. The parties agreed that the documents in the administrative file were sufficient evidence for the protest, and the AHO took notice of the file and treated facts submitted as stipulated. Neither party has challenged this approach on appeal, and it appears the facts set forth in the AHO's opinion and order are undisputed.

**{6}** The hearing before the AHO consisted of legal argument concerning whether Taxpayers were entitled to a credit against their New Mexico taxes for taxes paid to

California. In answering this question, the AHO first addressed the source of the income in order to determine whether the income was subject to the claimed credit. The AHO determined that the income was designated by Taxpayers as nonbusiness rental income, which is allocated to a particular state rather than being apportioned between states. *See* 3.5.3.7 NMAC. Furthermore, the AHO determined that because the rental property in question was located in California, the taxes were allocable to California and exempt from the claimed credit because "[t]he credit against New Mexico taxes applies only 'with respect to income that is required to be either allocated or apportioned to New Mexico'" pursuant to Section 7-2-13. The AHO further found that Taxpayers conceded that the Department's position on the issue was "technically an accurate application of the statute," but argued that the technical application of the statute resulted in double taxation in violation of the dormant commerce clause. On this point, the AHO found that Taxpayers failed to "explain how New Mexico's tax credit against taxes paid in another state on income that is allocable to New Mexico discriminates against interstate commerce" or "demonstrate how the New Mexico tax would prejudice interstate commerce" in violation of the dormant commerce clause.

{7}     On appeal, Taxpayers generally assert that they paid tax in California, and also paid 100 percent of the tax imposed on their income in New Mexico. However, this contention alone does not demonstrate that the Department's assessment was incorrect or that the AHO's decision was either arbitrary, capricious or an abuse of discretion, or otherwise unsupported by substantial evidence. *See Gemini Las Colinas, LLC*, 2023-NMCA-039, ¶ 11. Further, Taxpayers' failure to develop an argument as to how New Mexico's statutory framework purportedly runs afoul of the dormant commerce clause leaves us without a basis to conclude that the AHO's decision was not in accordance with the law. *See id.*; *see also Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them. This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." (citation omitted)).

{8}     Having reviewed the proceedings and record below, we conclude the AHO properly addressed Taxpayers' equitable arguments and determined that Taxpayers failed to demonstrate that—given the California rental income was not allocated to New Mexico—they were entitled to a credit in New Mexico with respect to the nonbusiness rental income.

## II.     Burden of Proof

{9}     Taxpayers also argue that the AHO applied an incorrect burden of proof. We disagree.

{10}    "Under the Tax Administration Act, the tax assessment in the notice is presumed to be correct." *Gemini Las Colinas, LLC*, 2023-NMCA-039, ¶ 15 (internal quotation

marks and citation omitted). "[T]he effect of the presumption of correctness is that the taxpayer has the burden of overcoming the presumption." *Id.* (alterations, internal quotation marks, and citation omitted). "[A] taxpayer can attempt to overcome this initial burden factually, by coming forward with some countervailing evidence tending to dispute the factual correctness of the assessment made by the secretary. Unsubstantiated statements that the assessment is incorrect cannot overcome the presumption of correctness." *Id.* ¶ 16 (internal quotation marks and citation omitted). A taxpayer is required to "present some evidentiary support, as opposed to a statement unsupported by evidence, for its contention that the assessment is incorrect." *Id.* ¶ 22.

**{11}** In this case, Taxpayers have presented no developed argument or citation to the record to demonstrate that the AHO deviated from the process set forth in *Gemini Las Colinas, LLC*. Taxpayers appear to assert that their tax returns provided sufficient evidence to overcome the presumption of correctness. Nevertheless, Taxpayers have not directed us to any finding or conclusion by the AHO indicating that Taxpayers did not overcome the presumption of correctness. Further, even if Taxpayers overcame the presumption, this does not also mean that Taxpayers must prevail on the merits. As this Court made clear in *Gemini Las Colinas, LLC*, the burden of persuasion remains with Taxpayers to demonstrate the protest's merit. *See id.* ¶ 29. As discussed above, the AHO determined that Taxpayers failed to demonstrate that they were entitled to the credit or other equitable remedy in this case.

**{12}** In sum, having reviewed the record below and duly considered the arguments raised in the briefing, we are not persuaded that the AHO incorrectly applied the burden shifting framework set forth in *Gemini Las Colinas, LLC*.

**CONCLUSION**

**{13}** We affirm.

**{14}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**